IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNIE G. TYSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. |
| | ) 2:07-CV-1337-KOB |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner the Social | ) |
| Security Administration, | ) |
| | ) |
|    Defendant. | ) |

**MEMORANDUM OPINION**

**I. Introduction**

The claimant, Johnnie Gerard Tyson, filed applications for Disability Insurance Benefits and Supplemental Security Income Payments on May 27, 2004, alleging disability commencing on March 28, 2003 caused by back problems. The Commissioner denied the claims. The claimant filed a timely request for a hearing before an Administrative Law Judge. The ALJ held a hearing on January 5, 2006. In a decision dated August 10, 2006, the ALJ found that the claimant was not disabled within the meaning of the Social Security Act, and, therefore, not eligible for Disability Insurance Benefits or Supplemental Security Income Payments. On May 25, 2007, the Appeals Council denied the claimant's request for review. The claimant exhausted his administrative remedies, and this court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons stated below, this court will affirm the decision of the

Commissioner.

## II. Issues Presented

In this appeal, the claimant argues that the Commissioner erred in two ways. First, the claimant alleges that the ALJ failed to properly consider the medical evidence of the record. Second, the claimant alleges that the ALJ failed to properly apply the Eleventh Circuit's three-part pain standard.

## III. Standard of Review

The standard for reviewing the Commissioner's decision is limited. This court must affirm the Commissioner's decision if the Commissioner applied the correct legal standards and if substantial evidence supports his factual conclusions. *See* 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). "No . . . presumption of validity attaches to the [Commissioner's] legal conclusions, including determination of the proper standards to be applied in evaluating claims." *Walker*, 826 F.2d at 999. This court does not review the Commissioner's factual determinations *de novo*, but will affirm those factual determinations that are supported by substantial evidence. "Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court must "scrutinize the record in its entirety to determine the reasonableness of the [Commissioner]'s factual findings." *Walker*, 826 F.2d at 999. A reviewing court must not only look to those parts of the record that support the decision of the ALJ, but must also view the record in its entirety and take account of evidence that

detracts from the evidence on which the ALJ relied. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

### IV. Legal Standard

A person is entitled to disability benefits when the person cannot:

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).

To make this determination, the Commissioner employs a five-step, sequential evaluation process:

> (1) Is the claimant presently unemployed?
>
> (2) Is the claimant's impairment severe?
>
> (3) Does the claimant's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
>
> (4) Is the claimant unable to perform his or her former occupation?
>
> (5) Is the claimant unable to perform any other work within the economy?
>       An affirmative answer to any of the above questions
>
> leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986); *see also* 20 C.F.R. §§ 404.1520, 416.920.

The ALJ must consider the claimant's medical condition as a whole. *Jamison v.*

*Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987).  The ALJ must also accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician.  *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) However, the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. *Syrock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)

When a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms, the ALJ must apply a three-part "pain standard." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

> The pain standard requires (1) evidence of an underlying medical condition *and* either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, 67 F.3d at 1560 (emphasis added).

### V. Facts

The claimant was fifty-two years old at the time of the alleged disability onset date and has two years of college education. (R. 314). His past work experience includes employment as a machine operator, a groundskeeper, a car detailer, and a cashier. (R. 312, 328). According to the claimant, he became disabled on March 28, 2003 due to back problems. (R. 93-94). Since that date, from August, 2005 to January, 2006, the claimant worked in a work-release program as a cashier/waiter, but the ALJ did not consider the

work substantial gainful employment. (R. 22, 90). The claimant testified that he likes to visit the zoo, humane society, parks and car dealerships with his fiance. (R. 325-26).

The claimant testified his back pain impairs his ability to walk long distances and to stand. (R. 314-15). On April 8, 2003, the claimant's treating physician, Dr. Isabel Barrenechea, ordered an MRI. A radiologist diagnosed the claimant with diffuse disk bulge and disc protrusion. (R. 235-36). Claimant testified Dr. Barrenechea prescribed him a permanent back brace, cane, and TENS unit. (R. 316). On May 20, 2004, Dr. Barrenechea, prepared a letter "to whom it may concern,"stating that the claimant "has been unable to work due to chronic back pain from a herniated disc." (R. 220).

On October 4, 2003, Dr. Craig Lincoln performed a non-examining consultive evaluation reviewing the radiology report and MRI. (R. 207). Dr. Lincoln agreed with the radiologist's previous assessment and noted the claimant "is neurologically intact" and "limited by pain only." (R. 210-11). Dr. Lincoln assessed the claimant's functional capacity and determined claimant could carry up to twenty pounds frequently, and sit for at least six hours. (R. 211).

Claimant worked five months as a cashier/waiter during a work-release program from August 2005 until January 2006. (R. 88-90). Claimant testified that he worked between twenty-three and thirty-four hours a week. (R. 319). The restaurant owner reported the claimant required some extra help and supervision, but worked satisfactorily. (R. 91).

On January 3, 2006, one day after the claimant quit his job at the restaurant, a consultive physician, Dr. Jack Zaremba, examined the claimant. (R. 278). Dr. Zaremba diagnosed the claimant with degenerative disc disease and a herniated disc.(R. 280). He

noted significant pain and recommended that claimant sit or stand for no more than three hours a day and lift no more than two pounds. (R. 281).

Without explanation, the ALJ found that the work-release employment did not constitute substantial gainful employment and that the medical evidence indicated severe impairment. (R. 22). The ALJ also found that the claimant's back problems caused functional limitations, but that the claimant did not have an impairment meeting one of those listed in 20 C.F.R. Pt. 404, subpart P, app. 1. (R. 23).

The ALJ next determined the claimant's residual functional capacity ("RFC"). (R. 23). Citing the medical records from the claimant's treating physician, reports from Dr. Lincoln, and evidence of the claimant's work-release program, the ALJ stated he gave little weight to Dr. Zaremba's report and the claimant's statements concerning the effects of his pain symptoms because the claimant's work-release employment contradicted those claims. (R. 23-25). The ALJ noted that the totality of evidence undermined Dr. Zaremba's diagnosis and determined the claimant has the RFC to lift and carry up to twenty pounds and to perform jobs that allow him to sit or stand at his option during the work day. (R. 23).

During the claimant's hearing, the ALJ posed a hypothetical situation to the vocational expert ("VE") based on his findings of the claimant's RFC. (R. 26). The VE stated that, based on the RFC described by the ALJ, the claimant "would be able to perform the requirements of . . . an assembler . . . a sorter/folder . . . and as a clerk." (R. 26). The ALJ, based on the testimony of the VE, determined the clamant "capable of other work that exists in significant numbers in the national economy" and thus, "not

disabled." (R. 27).

## VI. Discussion

### A. Consideration of the Medical Record.

Claimant argues that the ALJ improperly evaluated the medical evidence. Claimant states the ALJ failed to view the medical records as evidence of a progression of disability. The court finds, however, that the ALJ properly considered the totality of the record.

In this circuit, the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician unless good cause exists for not doing so. *Jones*, 810 F.2d at 1005; *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). An ALJ's failure to give considerable weight to the treating physician's opinion is a reversible error. *Broughton*, 776 F.2d at 961. However, the ALJ may reject the opinion of *any* physician when the evidence supports a contrary conclusion. *Syrock*, 764 F.2d at 835 (emphasis added). Additionally, Federal Regulations reserve determinations of disability to the Commissioner.  20 C.F.R. § 404.1527(e) (2007). ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.") While the ALJ must consider all medical opinions when making a disability determination, he need not accord an opinion arising out of a single consultative examination the special deference he must give to a treating physician's opinion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The ALJ properly discredited Dr. Zaremba's one-time consultative examination and clearly articulated two reasons for doing so. First, the ALJ noted that the claimant's work history during his work-release contradicted Dr. Zaremba's findings that the claimant can only sit or stand for a maximum of three hours. Indeed the record supports the ALJ's statement. The claimant worked nearly forty hours a week for five months as a cashier/waiter, a job that requires considerable standing. One day after quitting that job, Dr. Zaremba examined and diagnosed the claimant, stating his ability to sit or stand is limited to no more than three hours a day.

The ALJ has a duty to consider the entire record, not just the opinions of medical experts. As such, the record supports this finding because Dr. Zaremba only examined the patient one time. Finally, the ALJ noted inconsistencies between Dr. Zaremba's report and the reports of the other physicians, including the claimant's treating physician. Neither Dr. Barrenechea nor Dr. Lincoln indicated physical impairment as severe as Dr. Zaremba. Because Dr. Zaremba does not qualify as a "treating physician," and the medical evidence as a whole supports a conclusion that contradicts his opinion, the ALJ was not required to accord it substantial or considerable weight.

The ALJ properly considered the other medical evidence of record. The ALJ noted that Dr. Lincoln reviewed the claimant's MRI and reported no neurological effect. The ALJ also stated that he gave significant weight to Dr. Lincoln's consultive report and that the findings were consistent with the claimant's previous statements. The ALJ also properly considered the claimant's medical record from the treating physician, Dr. Barrenechea. The medical record showed that the claimant was ambulatory and under no

acute distress. The only report from Dr. Barrenechea indicating disability due to injury was a letter requested by the claimant. The letter stated the claimant "has been unable to work due to chronic back pain from a herniated disc." The ALJ gave no weight to the letter because it was inconsistent with other medical records from Dr. Barrenechea and was inconsistent with the claimant's activity during his work-release.

Therefore, substantial evidence supports the ALJ's decision to discredit the letter from Dr. Barrenechea and to give greater weight to Dr. Lincoln's assessment, as it is consistent with the entirety of medical evidence.

**B. Application of the Three-Part Pain Standard.**

Claimant argues that the ALJ failed to consider the effect of pain on his ability to work and improperly applied the three-part pain standard. This court disagrees and finds that the ALJ properly followed the pain standard and explained his reasons for discrediting the claimant's pain testimony.

A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective components. The pain standard requires (1) evidence of an underlying medical condition, and (2) *either* (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition; *or* (b) evidence that the objectively-determined medical condition can be reasonably expected to give rise to the alleged pain. *See Holt*, 921 F.2d at 1223.

Under this pain standard, the ALJ must consider the testimony of the claimant, including his alleged limitations on daily activities that the impairment or combination of impairments causes. *Harwell v. Heckler*, 735 F.2d 1292, 1293 (11th Cir. 1984). If the

claimant seeks to establish a disability based on his or her own subjective complaints of pain, the ALJ's decision regarding the claimant's credibility becomes critical to his decision as to whether the claimant is "disabled." *Walden v. Schwiker*, 672 F.2d 835, 839 (11th Cir. 1982). Credibility determinations are reserved to the ALJ subject to the requirement that in making these decisions, the ALJ clearly articulates his findings. *McGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1984).

The testimony of the claimant alone is not sufficient to support a finding of disability based on the claimant's subjective complaints of pain; the ALJ must consider other evidence, such as the medical records and the opinions of the treating or consultive physicians. *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). The ALJ must then articulate the reasons for accepting or rejecting this evidence and must state the weight given to the evidence. *Lucas v. Sullivan*, 918 F.2d 1567, 1574 (11th Cir. 1990). Substantial evidence must support each of the ALJ's articulated reasons, or the ALJ must accept the pain testimony of the claimant as true. *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). Furthermore, the ALJ cannot reject a claimant's testimony based solely on his or her own observations or on criteria that objective medical evidence does not substantiate. *Johns v. Bowen*, 821 F.2d 551, 556-7 (11th Cir. 1987).

This court already concluded that the ALJ properly considered the medical evidence as a whole. *See* Part VI. A., *supra*. The ALJ concluded that evidence of back pain existed, thus satisfying the first part of the pain standard—evidence of an underlying medical condition. The ALJ then concluded that the medical evidence neither confirmed the severity of the claimant's alleged pain, nor could the claimant's medical condition be

reasonably expected to give rise to the alleged pain.

This court also finds that the ALJ considered the claimant's subjective symptoms and properly rejected them as not credible. The ALJ reviewed the claimant's testimony about his daily activities and work-release employment to determine credibility. The claimant testified that he goes out with his fiance to the zoo, humane society, and car dealerships. As stated above, the claimant also testified that during the work-release program, he worked twenty-three to thirty-four hours a week in a job that requires considerable standing and walking. *See* Part VI. A., *supra.* The ALJ properly determined that such activities, especially work performed during the work-release program, were inconsistent with the disabling symptoms that the claimant alleged, such as limiting effects of his back pain.

The ALJ's rationale for rejecting the claimant's subjective complaints of disabling pain provides the court with the requisite level of specificity to withstand any allegations of error. The ALJ is the sole determiner of credibility. *Daniels v. Apfel*, 92 F. Supp. 2d 1269, 1280 (S.D. Ala. 2000) (citing *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971)).[1] Consequently, the court should not disturb a clearly-stated credibility finding unless substantial evidence does not support it. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ's assessment clearly articulated the claimant's credibility and corroborated his decision with substantial evidence in the record; therefore, the court concludes that substantial evidence exists to support the ALJ's conclusion that the

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.)

claimant's testimony of disabling pain lacks credibility.

## VII. Conclusion

For the reasons stated above, the court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be AFFIRMED. The court will enter a separate order consistent with this memorandum opinion.

Dated this 28th day of July, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE